Case 6:19-cv-00080 Document 10 Filed on 08/05/20 in TXSD Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REBEKAH RACHELL SHROPSHIRE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 6:19-CV-00080 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Rebekah Shropshire is an inmate in the Texas Department of Criminal Justice and is currently incarcerated at the Crain Unit in Gatesville, Texas. Proceeding *pro se*, Shropshire filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 30, 2019.[1] (D.E. 1). Shropshire raises four claims of ineffective assistance of trial counsel. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Shropshire has responded through counsel. (D.E. 5, 7). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Shropshire's habeas corpus petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

**I.   JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate

---

[1] Shropshire stated under penalty of perjury that she placed her petition in the prison mail system on August 30, 2019, and it is considered filed as of that date. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases (discussing the mailbox rule).

because Shropshire was convicted in DeWitt County, Texas. 28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(6); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II. BACKGROUND

### a. Petition and Claims

In her § 2254 petition, Shropshire raises four claims of ineffective assistance of counsel, including that trial counsel was ineffective for: (1) failing to object to the lack of a lesser-included offense instruction; (2) failing to object to a state argument that was outside the record; (3) failing to object to testimony that commented on her post-arrest silence; and (4) failing to designate an expert witness on knives. (D.E. 1 at 6-7).

### b. State Court Records

In January 2007, Shropshire was charged in an indictment with one count of murder, in violation of Texas Penal Code § 19.02. (D.E. 6-9 at 10). A jury found Shropshire guilty, and she received a sentence of 75 years' imprisonment. (*Id.* at 208).

On October 22, 2009, the Thirteenth District Court of Appeals of Texas affirmed Shropshire's conviction and sentence on direct appeal. (D.E. 6-3 at 1-13). Shropshire did not file a petition for discretionary review with the Texas Court of Criminal Appeals ("TCCA").

In July 2013, Shropshire filed a § 2254 petition in this district. (Case No. 6:13-cv-00052, D.E. 1). The district court dismissed the petition because Shropshire had not yet exhausted her state remedies by seeking review of her claims in state court. (*Id.*, D.E. 9 at 1-2).

In October 2014, Shropshire filed an application for a writ of habeas corpus in

state court under Article 11.07 of the Texas Code of Criminal Procedure. (D.E. 6-24 at 58-67). The TCCA dismissed the application as noncompliant, citing *Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010). (D.E. 6-22 at 1). In August 2014 and December 2014, Shropshire filed two more Article 11.07 applications, both of which the TCCA dismissed for the same reason. (D.E. 6-25 at 1; D.E. 6-26 at 60-69; D.E. 6-27 at 1; D.E. 6-29 at 59-68).

Finally, in February 2017, Shropshire filed a fourth Article 11.07 application raising the same claims as in her current petition. (D.E. 6-35 at 61-75). After receiving an affidavit from trial counsel, the trial court recommended denying Shropshire's petition on the merits because she failed to show that trial counsel performed deficiently. (D.E. 6-32 at 17-18). The TCCA denied Shropshire's application without written order on October 10, 2018. (D.E. 6-30 at 1).

### III. DISCUSSION

In her motion for summary judgment, Respondent argues that Shropshire's § 2254 petition is untimely. (D.E. 5 at 6-9). Specifically, Respondent argues that Shropshire's conviction became final on November 21, 2009, when the time to file a petition for discretionary review expired, and that her § 2254 petition was accordingly due by November 22, 2010. (*Id.* at 7). Respondent argues that Shropshire is not entitled to any statutory tolling because her first three state applications were dismissed as noncompliant and, regardless, were filed after the expiration of the deadline. (*Id.* at 7-8). Finally, Respondent argues that Shropshire has not alleged or shown that she is entitled to equitable tolling. (*Id.* at 8-9).

3

Shropshire concedes that her petition is untimely. (D.E. 7 at 4). However, she argues that she is entitled to equitable tolling because her initial federal and state habeas filings were made *pro se* and she was unfamiliar with the required process. (*Id.* at 5).

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. *Id.* § 2244(d)(1).

For § 2244 purposes, where a petitioner has sought review by the state's highest court, a conviction becomes final 90 days after her claim is rejected, when the time to file a petition for a writ of *certiorari* with the Supreme Court has expired. *Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003). In Texas, the Court of Criminal Appeals may review the decisions of a court of appeals. Tex. Code of Crim. Proc. art. 44.45(b)(2). A petition for discretionary review to the Texas Court of Criminal Appeals must be filed within 30 days after either the day the court of appeals rendered judgment or the day the last timely motion for rehearing or *en banc* reconsideration was overruled. Tex. R. App. Proc. 68.2(a).

The time during which a properly filed state collateral review application is

4

pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). An application for federal habeas review is not an "application for State post-conviction or other collateral relief" under § 2244(d)(2) and does not toll the limitation period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if she can show that: (1) she has been diligently pursuing her rights; and (2) some extraordinary circumstance stood in her way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting her rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Shropshire's § 2254 petition is untimely, and she has not established that she is entitled to statutory or equitable tolling. She had 30 days to file a petition for discretionary review with the TCCA following the Thirteenth District Court of Appeals's affirmance of her conviction on direct appeal. Tex. R. App. P. 68.2(a). Because she did

5

not file a petition for discretionary review, her conviction became final at the expiration of those 30 days on November 21, 2009. (*See* D.E. 6-3 at 13). Her time to file a § 2254 petition expired one year later on November 22, 2010. Shropshire concedes that this analysis is correct. (D.E. 7 at 4).

Shropshire's response does not assert that she is entitled to statutory tolling, and the underlying facts do not establish that she is entitled to it. Although Shropshire filed four Article 11.07 applications, the first was filed in June 2014, which was after the expiration of the limitation period. (D.E. 6-24 at 58-67); *Scott*, 227 F.3d at 263. Moreover, Shropshire's previous § 2254 petition did not toll the limitation period because it was not an "application for State post-conviction or other collateral relief" under § 2244(d)(2). *Duncan*, 533 U.S. at 181-82. It was also filed in July 2013, which was after the expiration of the limitation period.

Finally, Shropshire has not established that she is entitled to equitable tolling because she has not shown any extraordinary circumstance that prevented her from filing her § 2254 petition earlier. *Holland*, 560 U.S. at 649. Shropshire argues that she was proceeding *pro se* and did not know about the required process, but ignorance of the law does not generally excuse prompt filing, even for a *pro se* prisoner. *Felder*, 204 F.3d at 172. This is at best a claim of excusable neglect, but excusable neglect is insufficient to establish that a prisoner is entitled to equitable tolling. *Lookingbill*, 293 F.3d at 264. Shropshire cites *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012), for the proposition that where an initial petition for collateral review was filed without the assistance of a lawyer, the court should not be barred from hearing the merits

of untimely claims. (D.E. 7 at 5). However, both of those cases discussed claims that had been procedurally defaulted rather than claims that were untimely, and accordingly applied the applicable cause-and-prejudice standard rather than the standard for equitable tolling. *See Trevino*, 569 U.S. at 429; *Martinez*, 566 U.S. at 13-14. Although both standards are equitable in nature, the showing required to establish cause for a procedural default is not the same as the showing required to establish entitlement to equitable tolling. *See Martinez*, 566 U.S. at 13-14 (discussing the cause-and-prejudice standard). Thus, the rulings in both cases are not directly applicable to an equitable tolling analysis, nor did they overrule the Fifth Circuit's prior precedents regarding when equitable tolling is appropriate. Accordingly, Shropshire's § 2254 petition is untimely and she is not entitled to any form of tolling.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Shropshire has not yet filed a notice of appeal, the issue of whether she is entitled to a COA will be addressed. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a

district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Shropshire's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because she has not made the necessary showing for such issuance.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 5) be GRANTED. Shropshire's § 2254 petition should be DISMISSED as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 5th day of August, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).