United States District Court
Southern District of Texas
**ENTERED**
December 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **REBEKAH RACHELL SHROPSHIRE,** | § § | |
| Petitioner, | § § | |
| v. | § § | Civil Case No. 6:19-CV-00080 |
| **BRYAN COLLIER and LORIE DAVIS,** | § § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Memorandum and Recommendation ("M&R") signed by Magistrate Judge Julie K. Hampton on August 5, 2020. (Dkt. No. 10). In the M&R, Magistrate Judge Hampton recommended granting Respondent's Motion for Summary Judgment, dismissing as untimely Petitioner Rebekah Rachell Shropshire's ("Shropshire") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, and denying Shropshire a Certificate of Appealability. (*Id.*). Shropshire was provided proper notice and an opportunity to object to the proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1); General Order No. 2002-13, art. IV. The deadline for Shropshire to file objections was August 19, 2020, however, she filed her objections on August 20, 2020. As discussed below, Shropshire forfeited her right to this Court's review by failing to timely file objections. Accordingly, the M&R is **ACCEPTED** as this Court's Memorandum and Order, Respondent's Motion for Summary Judgment is **GRANTED,** and Shropshire's Motion for a Certificated of Appealability is **DENIED**.

**I.  BACKGROUND**

On August 30, 2019, Shropshire petitioned this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 10 at 1). Respondent filed a Motion for Summary Judgment on January 6, 2020, (Dkt. No. 10 at 1; Dkt. No. 5), and Shropshire timely responded, (Dkt. No. 10 at

1; Dkt. No. 7). On July 23, 2020, the case was referred to Magistrate Judge Hampton. (Dkt. No. 9). Magistrate Judge Hampton issued an M&R on August 5, 2020. (Dkt. No. 10). The M&R notified Shropshire of her right to file written objections in the following manner:

### **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

(*Id.* at 9).[1] The docket entry for the M&R in the case's civil docket sheet shows that all parties were given electronic notice of its filing the same day it was issued. (Dkt. No. 10). The fourteenth

---

[1] The Court notes that the comment to Rule 72 of the Federal Rules of Civil Procedure suggests that a court must review a magistrate's report and recommendation for "clear error" when no proper objection is made. Fed. R. Civ. P. 72(b) advisory committee's note. But that same advisory comment states that Rule 72 is inapplicable in the habeas corpus context. *See id.* ("This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (finding that Rule 72(b) "is inapplicable to habeas corpus cases" (citing Fed. R. Civ. P. 72(b) advisory committee's note)); *U.S. ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1011 n.1 (7th Cir. 1987) (finding that Rule 72(b) "does not apply to habeas corpus actions" (citing Fed. R. Civ. P. 72(b) advisory committee's note)); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1449 (9th Cir. 1989) ("Rule 72(b) does not apply to habeas corpus petitions filed under 28 U.S.C. § 2254. The commentary to Rule 72(b) contains the following instruction concerning the limited reach of this rule."). Rather, Rule 8 of the rules governing AEDPA cases provides instructions on the timely filing of objections which in relevant part mirror 28 U.S.C. § 636(b)(1)(C). *Compare* Rule 8, Rules Governing Section 2254 Cases ("Within 14 days after being served, a party may file objections as provided by local court rule. The judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."), *with* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those

(continue)

day from the date the M&R was filed and served on Shropshire was August 19, 2020.  The docket entry specifically notes that written objections to the M&R were due by that day.  (*Id.*).  Despite having notice of the deadline, Shropshire failed to follow the prescribed timeline.  Instead, she filed her objections on August 20, 2020, a day after the deadline passed.  (Dkt. No. 11).  She did not request an extension of time prior to filing her objections, nor did she attempt to explain why she filed them late.  (*See id.*).

## II.     ANALYSIS

In relevant part, 28 U.S.C. § 636(b)(1)(C) provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).  The Supreme Court has clarified that this statute "does not on its face require any review at all, by . . . the district court . . . , of any issue that is not the subject of an objection."  *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (finding that the district court may accept conclusions in an M&R "by stating that the objections do not address a particular proposed finding or conclusion"), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1); *McGill v. Goff*, 17 F.3d 729, 732 (5th Cir. 1994) ("The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether . . . to review the magistrate's report, . . ." (ellipses added) (quoting *Thomas*, 474 U.S. at 154, 106 S.Ct. at 474)), *overruled on*

---

portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  Thus, this Court considers only Rule 8 and § 636(b)(1)(C) in weighing the effect of a failure to timely object to an M&R.

*other grounds*, *Kansas Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1373–74 (5th Cir. 1994); *Scott v. Alford*, 62 F.3d 395, 1995 WL450216, at *2 (5th Cir. 1995) (unpublished) (finding that, pursuant to § 636(b)(1), a district court "need not consider late objections" at all (citing *Thomas*, 474 U.S. at 154, 106 S.Ct. at 475)). Rather, district courts have "discretion . . . to allow objections after the [fourteen] day period." *Scott*, 1995 WL450216, at *2; *see also Rodriguez v. Bowen*, 857 F.2d 275, 277 (5th Cir. 1988) (finding that a district court that reviewed a magistrate judge's report despite a late-filed objection did so at "its discretion"); *McGill*, 17 F.3d at 732 ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." (quoting *Thomas*, 474 U.S. at 154, 106 S.Ct. at 474)).

Here, Shropshire had proper notice of the 14-day deadline and failed to timely object to the M&R. Accordingly, she has provided no timely objections to any particular proposed finding or conclusion in the M&R, and the Court is not obligated to engage in any review. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 149, 154; 106 S.Ct. at 472, 474–55; *Douglass*, 79 F.3d at 1429; *McGill*, 17 F.3d at 732; *Rodriguez*, 857 F.2d at 277; *see also Scott*, 62 F.3d 395, 1995 WL450216, at *2. Nevertheless, the Court is satisfied that neither the M&R nor the record contain any clear error on its face.

The Court therefore **ACCEPTS** the M&R in its entirety as the opinion of the Court. (Dkt. No. 10). Accordingly, the Court **GRANTS** Respondent's Motion for Summary Judgment, **DISMISSES WITH PREJUDICE** Shropshire's Petition, and **DENIES** Shropshire's Motion for a Certificate of Appealability.

5

It is SO ORDERED.

SIGNED this December 8, 2020.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**